Albert L. Binley and Lois M. Binley v. Commissioner.
Binley v. Commissioner
Docket No. 79076.
United States Tax Court
T.C. Memo 1961-138; 1961 Tax Ct. Memo LEXIS 212; 20 T.C.M. (CCH) 695; T.C.M. (RIA) 61138; May 17, 1961
Albert L. Binley, pro se, 10923 Dunaway Dr., Dallas, Tex. Charles B. Sklar, Esq., and Allen T. Akin, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: Respondent has determined deficiencies in the income tax of petitioners for the taxable years 1955 and 1956 in the respective amounts of $240 and $311.03. Petitioners have claimed an overpayment of income tax for 1956 in the amount of $406.55. Petitioners in their opening statement have conceded the correctness of respondent's disallowance of a claimed deductible automobile expense of $414.60. The sole question for decision is whether respondent has erred in disallowing dependency deductions taken by petitioners for each year at issue with respect to the children of Lois Binley by a prior marriage, James and Carole Gush. Findings *213 of Fact Stipulated facts are found as stipulated. Petitioners are husband and wife residing in Dallas, Texas. They filed their joint income tax returns for the years at issue with the district director at Dallas. Petitioners were married April 11, 1955. Lois had been previously married to Stephen Gush. James, aged 10, and Carole, aged 8, in 1955 were born of this union. From January 1, 1955, to April 11, 1955, Lois, James, and Carole lived in the home of their parents. Lois had no income during that time and her father furnished an undisclosed amount in support of the children during the period. During the same period Stephen Gush furnished $40 a month for the support of each of the children and has continued to furnish such support at all times here pertinent. The children lived in the home of petitioners from April 11, 1955, throughout the remainder of 1955 and all of 1956. Such support as was furnished them during the latter period in addition to that furnished by Stephen was furnished by petitioners. The support payments made by Stephen were commingled with the other funds of petitioners. No separate accounting for their use has been kept. On July 14, 1956, a child was *214 born to petitioners and was a member of their household for the remainder of that year. On September 1, 1955, petitioners purchased a used 1952 Pontiac for $795, receiving a trade-in allowance of $200. The balance due of $595 was paid in 12 monthly installments. On June 19, 1956, petitioners purchased a used 1956 Pontiac for $3,944.65. The monthly payments on the balance due for this automobile amounted to $85 per month. The only support furnished the Binley household during 1955 and 1956 was furnished by Albert Binley. Petitioners did not buy their home in 1955. During 1955 and 1956 petitioners purchased furniture, including a stove, refrigerator, and a washer. These purchases amounted to $700 or $800 and were paid for monthly, about one-fourth of the total amount being paid in 1955 and about three-fourths of such total amount being paid in 1956. Ultimate Findings Petitioners did not furnish more than onehalf of the total cost of support of James and Carole Gush during 1955 and 1956. Opinion The parties agree that the amount furnished for the support of James and Carole by Stephen during each year at issue was $480 for each child. As for the amount furnished them *215 by the maternal grandparents from January 1 to April 11, 1955, the record is devoid of proof. Petitioners concede at the outset that they have no detailed proof as to the actual expenditures on their part for the support of each child but base their case solely on an equal division of their reported gross income, adjusted only for itemized deductions, proportioned with respect to that portion only of 1955 during which the children lived with them and that portion of 1956 after which a child was born to petitioners. In doing so, they rely on a ruling of the respondent, Revenue Ruling 235 (C.B. 1953-2, 23). Their income tax returns show gross income for the taxable year 1955 in the amount of $5,164.55 and for 1956, $6,090. No deduction therefrom has been made with respect to withholding income and social security taxes. For 1955, itemized deductions are reported as $969.31, leaving a balance of $4,195.24 which petitioners claim was available and used for the support of the entire household. For 1956, they use the same method. For that year, reported itemized deductions are $2,622.40, leaving a balance of $3,467.60 from which savings of $154.40 were subtracted providing *216 a balance of $3,313.20 which is claimed to have been available and used for support of the household. For 1955, income and social security taxes withheld from petitioners' earnings amounted to $636.38 and for 1956 income tax withheld was $571.10 plus $84 in social security tax withholding. Petitioners have also, by their method of computation, charged to support for the children a proportionate part of payments on their automobile purchased in 1955, totaling in that year about $150, and payments on that and another automobile purchased in 1956 in the total amount for the latter year of $760. They have also charged to the children's support a proportionate part of payments made by them upon the cost of furniture and household equipment purchased in 1955 and 1956 for the approximate amount of $700 or $800. The monthly installments on such household effects were paid one-fourth in 1955, or a total of $185, and the remainder, or $562.50, in 1956. We note also that petitioners' method of computation does not take into account that portion of 1955 from January 1 to April 11, 1955, during which petitioners claimed available income was used only for the support of Albert Binley, the husband. *217 The cost of property purchased is not properly to be considered as support for dependent children. Only the fair rental value thereof is to be taken in account. Section 1.152-1(a), Income Tax Regs.
No proof has been made available to us with respect to the amount of support furnished the children by their grandparents from January 1 to April 11, 1955, and no proof has been made of the amount spent by petitioner-husband for his own support during that period. The above-cited revenue ruling does not support the method of arriving at the cost of support furnished by the taxpayer to the claimed dependents. It is limited to situations where several members of a household provide support for all members thereof and then affords a method for finding the amount spent for a particular member only where the actual amount spent by the taxpayer for his own support is known and deducted from the total amount available for the support of the household. We have no proof here of such character and it is clear that support here was furnished by only one member of the household. For failure to sustain their burden of proof to show the amount expended in each year at *218 issue for the support of James and Carole, the action of the Commissioner is sustained as to each year. Decision will be entered for the respondent.